HURLEY, Judge.
The principal question presented is whether the proof at trial was sufficient to sustain defendant’s felony conviction under Section 328.05(2), Florida Statutes (1979) (crimes relating to vessels’ certificates of title). We answer in the negative and, consequently, reverse in part.
In September of 1981, the defendant went to the Martin County Tax Collector’s office to register his homemade boat. During the ensuing discussion with a deputy clerk, the defendant mentioned the length of time it had taken to build the boat and produced a receipt for approximately one thousand dollars worth of material which, he claimed, he had incorporated into the boat. The defendant then provided the necessary information to the deputy clerk who typed three separate forms: the Statement of Builder, an Application for Boat Certificate of Title, and a Sales Tax Exemption Certificate. The defendant signed each form and received a Florida boat registration certificate and number which he later affixed to his boat.
Subsequent investigation revealed that the defendant had not constructed the vessel. Consequently, he was arrested and ultimately charged with five crimes: three misdemeanor counts of violating section 837.06, Florida Statutes (1979) which prohibits making false statements in writing to a public servant, one felony count of possessing a vessel with an altered hull number, in violation of section 371.77(4), Florida Statutes (1979)[1] and one felony count of fraudulently obtaining a certificate of registration in violation of section 328.05(2), Florida Statutes (1979). At trial, the court dismissed the altered hull number charge and submitted the remaining counts to the jury which found the defendant guilty as charged.
Several points have been raised on appeal, but the only meritorious issue concerns the defendant’s conviction for violating section 328.05(2), Florida Statutes (1979). That statute provides in pertinent part that
[i]t is unlawful for any person, knowingly and with intent to defraud, to have in his possession, sell, offer to sell, counterfeit, or supply a blank, forged, fictitious, counterfeit, stolen, or fraudulently or unlawfully obtained certificate of title, registration, bill of sale, or other indicia of ownership of a vessel or to conspire to do any of the foregoing.
By its plain language, section 328.05(2) is aimed at combatting fraud against third parties. The statute operates to prevent fraudulent usage of the certificate of title occurring subsequent to obtaining posses *197 sion, and not at fraudulent efforts initially made to procure the certificate of title or registration. In the case at bar, viewing all of the evidence in the light most favorable to the state, there is not a scintilla of proof to demonstrate that the defendant possessed the requisite intent to defraud a third party.
Accordingly, the defendant’s conviction for violating section 328.05(2), Florida Statutes (1979) is reversed. In all other respects, however, the judgment of conviction is affirmed.
AFFIRMED IN PART & REVERSED IN PART.
LETTS and DOWNEY, JJ., concur.

. Renumbered as section 328.07(4), Florida Statutes (1981).